STOKER, Judge.
This case is one of three cases consolidated in this appeal. We render separate decisions in the other two cases on this date.[1]
FACTS AND ISSUES
On the day these cases were scheduled for trial the trial judge continued the case on its own motion and dismissed the jury venire pool. The trial court did so because the regular trial counsel for one of the defendants was not in court when the cases were called for trial. The defendant in question was represented by a substitute counsel who was not familiar with the cases. This defendant, the State of Louisiana, Department of Transportation and Development (Office of Highways), is appealing from the imposition of sanctions upon it in the form of assessing the State with certain personal expenses of other litigants incurred in coming to trial and court costs incurred such as jurors’ fees, the cost of jury summons and the cost of issuing subpoenas to witnesses. The personal expenses of the other litigants consisted of costs incurred by their attorneys as personal expenses in travel and payment of fees of expert witnesses for one day.
The question posed in this appeal is whether the trial court may impose “sanctions”, even if only court costs, and, if so, whether a trial court may assess such costs in the mid-course of litigation. As argued in brief by counsel the justification of the trial court’s action, or lack of justification, appears to be the only subject of the treatment. We do not reach the question of justification. We conclude that the trial court lacked authority to impose the so-called sanctions. Even if the assessment of the State with the court costs in question should be deemed justified, the court lacked authority to do so prior to the completion of the litigation in the trial court. For these reasons we reverse. In so doing we leave open the question of the appropriateness of the assessment of any costs to the State.
MOTIONS FOR SANCTIONS
After the ordering of the continuance, Toyota Motor Sales Company, Ltd., one of several defendants, and plaintiffs Myrtle Faye Royle and Terrance Keith Royle filed separate written pleadings styled “MOTIONS FOR SANCTIONS”. The motions contained similar allegations. Paragraphs four and five of the separate motions filed the Royles are identical and read in part as follows:
*549 4.
“The attorney heretofore representing a defendant herein, The Louisiana Department of Transportation and Development, failed to appear in the 31st Judicial District Court on the scheduled trial date, thereby causing the trial scheduled for October 19, 1981, to be continued.
5.
“The failure of the Louisiana Department of Transportation and Development to assign an attorney adequately prepared for trial to the 31st Judicial District Court on the scheduled trial date caused Myrtle Faye Royle and Terrance Keith Royle to incur unnecessary costs and expenses in this litigation, including the following ...”
The Toyota motion simply charged that the attorney for the State, naming the regular attorney by name, did not appear for trial on October 19, 1981, thus causing the jury trial to be continued.
All the motions leave the impression that no counsel for the State was present in court when the cases were called for trial on October 19, 1981. This, of course, was not true. The State did have counsel present.
The trial court fixed the motions for sanctions for hearing on December 17,1981. On that date after the hearing the trial court granted the motions for sanctions and assessed the costs in question to the State and gave a personal judgment to the litigants for their personal expenses.
In its motions Toyota asked for the sum of $1,432.76 to be paid to itself to cover the cost of issuing subpoenas for the October 19,1981, trial and certain personal expenses of movers’ attorneys consisting of travel expenses including one night’s lodging and attorney’s fees. Toyota also moved that the trial court assess the sum of $633.49 to the State as costs consisting of the amount of $106.35 incurred in issuing jury summons and the amount of $527.14 to cover the fees of the jurors. Additionally, Toyota asked that the State be required to pay the court cost and attorney’s fees incurred in bringing the motions for sanctions.
The Royles brought joint motions covering similar demands. The amounts asked for subpoenas and personal expenses was $480.46. They asked that the $633.49 in jury costs mentioned above be assessed to the State.
The trial court granted the demands stated in the motions except for the attorney fees for bringing the motions which Toyota had requested. The appeal in this case is from these judgments.
DID THE TRIAL COURT HAVE AUTHORITY TO IMPOSE SANCTIONS OR COURT COSTS?
One of the briefs filed on behalf of appel-lees states that as of the date of the filing of the brief the plaintiffs had not had their day in court. The records in the cases before us do not indicate that the trial has ever been conducted.
Counsel for appellees urge that the court’s action, i.e., its judgment assessing costs and giving movers judgment for personal expenses, was authorized by LSA-C. C.P. art. 191 and by LSA-R.S. 13:5112.
Article 191 of the Code of Civil Procedure reads as follows:
“Art. 191. Inherent judicial power
“A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.”
LSA-R.S. 13:5112 provides:
§ 5112. Suits against the state; court costs
“A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may award in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, such court costs *550 under R.S. 13:4588 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court.
“B. In accordance with Section 10 of Article XII of the Constitution neither the state nor any department, board, commission, agency, or political subdivision thereof shall be required to pay court costs until the judgment rendered against the state, department, board, commission, agency, or political subdivision shall become final and definitive under the provisions of Articles 2166 and 2167 of the Code of Civil Procedure or otherwise non-appealable or nonreviewable beyond the delays set by law for same and the funds have been appropriated therefor in specific dollar amount.
“C. This law shall not apply to, nor shall the Office of Employment Security or the administrator be cast for any court costs in, any judicial review proceeding under the provisions of R.S. 23:1634.” Added by Acts 1978, No. 467, § 1. Amended by Acts 1979, No. 530, § 1.
Article 1920 of the Code of Civil Procedure provides:
Art. 1920. Costs; parties liable; procedure for taxing
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
“Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
Article 2164 of the Code of Civil Procedure provides:
Art. 2164. Scope of appeal and action to be taken; costs
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”
We have been unable to find any authority for the imposition of sanctions as such which are sought in this case. We do not feel that LSA-C.C.P. art. 191 may be so broadly construed as to permit a court to require one party to pay another party its personal expenses. Attorney's fees, of course, may not be recovered unless such are specifically authorized by statute.
LSA-R.S. 13:5112 applies to court costs only. Our reading of that statute convinces us that the assessment of court costs, if any are assessed to the State, cannot be made until the litigation is concluded at the trial level. The costs should be assessed or apportioned at the time judgment is rendered or through a rule to show cause. LSA-C.C.P. art. 1920. We regard the imposition of costs on a piece meal basis at various stages of the litigation as unauthorized.
Therefore, for the foregoing reasons the judgments appealed from in this case are reversed and the case is remanded to the trial court for further proceedings consistent with the expressions stated in this opinion. We reserve to the trial court its right to consider the appropriate assessment of costs at the conclusion of the trial under LSA-C.C.P. art. 1920. We express no opinion, however, as to the justification or appropriateness of assessing the costs of the aborted jury trial to the State resulting from the continuance of the case on the court’s own motion.
The costs of this appeal are assessed in equal portions to movers Myrtle Faye Royle, Terrance Keith Royle and Toyota Motor Sales Limited.
REVERSED AND REMANDED.

. The, other two cases consolidated in this appeal are Terrance Keith Royle v. Casualty Reciprocal Exchange, et al., 419 So.2d 551, docket number 82-130; and Jean C. Ryder v. Toyota Motor Sales Limited, et al., 419 So.2d 551, docket number 82-131.