STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1282


DR. FAYEZ K. SHAMIEH (RUDOLPH JACKSON)

VERSUS

LIQUID TRANSPORT CORP., ET AL.


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 05-04552
AARON FRANK MCGEE, WORKERS COMPENSATION JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.


REVERSED AND REMANDED.


 Thomas Allen Filo
Cox, Cox, & Filo
723 Broad Street
Lake Charles, LA 70601
Counsel for Secondary Plaintiff/Appellant:
     Dr. Fayez K. Shamieh

Henry Clay Ward  III
Attorney at Law
1111 Ryan St.
Lake Charles, LA 70601
Counsel for Defendant/Appellant:
     Liquid Transport Corp. and
     Great West Casualty Company

Perry R. Staub Jr.
Mark VanHorn
Larry E. Demmons
Taggart, Morton, Ogden, Staub & O'Brien, L.L.C.
Counsel for Intervenor:
 CCN Managed Care, Inc.

Judy Y. Barrasso
Stephen L. Miles
Edward R. Wicker Jr.
Barrasso, Usdin, Kupperman
909 Poydras St., Suite #2400
New Orleans, LA 70112
Counsel for Other—Amicus for CCN :
 Liberty Mutual Insurance Co.
 Helmsman Management Services Co.
 Employers Insurance of Wausau

**PICKETT, Judge.**

Both appeals before this court, 07-1159 and 07-1282, come from the same proceedings, 05-4552, in the Office of Workers' Compensation (OWC). In appeal 07-1159, the defendants, Liquid Transport Corporation and Great West Casualty Company, appeal a judgment from the OWC ordering the defendants to pay the plaintiff, Dr. Fayez Shamieh, $122.50 in under-payment on a medical bill for the plaintiff's treatment of Rudolph Jackson, a workers' compensation claimant. The OWC also awarded Dr. Shamieh $4,000.00 in penalties ($2,000.00 for under-payment and $2,000.00 for late payment) and $3,950.00 in attorney's fees. The plaintiff, Dr. Shamieh, also appeals seeking additional attorney's for the work necessitated by this appeal. In appeal 07-1282, Community Care Network, Inc. (CCN), appeals a judgement of the WCJ denying its petition to intervene. We reverse the judgment of the Workers' Compensation Judge (WCJ), on CCN's petition to intervene, nullify the judgment signed July 25, 2007 (in appeal 07-1159), and remand the case for additional proceedings consistent with this opinion. We defer consideration of the plaintiff's request for additional attorney's fees.

## FACTS

The plaintiff, Dr. Shamieh, sought to recover the difference between what he was paid for his services to a patient, a workers' compensation claimant, under a Preferred Provider Organization (PPO) agreement and what the workers' compensation schedule of payments allowed. Dr. Shamieh is a member of the Lake Charles Physicians Hospital Organization (PHO). The PHO entered into a PPO contract with the intervenor/appellant CCN. In order to have claims(bills) processed

and paid, CCN, either directly or indirectly, entered into contracts with Reny Co., Medata Inc., and with one of the original defendants, Great Western Casualty Co. The contract between CCN and PHO states in pertinent part as follows:

## 1. DEFINITIONS

1.01  "Beneficiary" or "Claimant" is a person as defined in the applicable Insuring Agreement who may be entitled to Health Care Services or Benefits.

1.02  "Insuring Agreement" is the contract, certificate, policy, plan document, or any other legally enforceable instrument issued or sponsored by a Payer under which a Beneficiary or Claimant may be entitled to or receive Health Care Services or Benefits.

1.03  "Health Care Services or Benefits" shall be any and all covered medical services or benefits for such services rendered or provided to a Beneficiary or Claimant under an Insuring Agreement.

1.04  "Reimbursement Amounts" are the amounts payable to Provider for Health Care Services or Benefits rendered or provided to a Beneficiary or Claimant pursuant to Payer Agreements between CCN and the respective Payors. Such

2

Reimbursement Amounts shall be established solely by CCN and Payers as specified in Exhibit A attached hereto and incorporated herein or as established by any state regulatory agency, whichever is less. Providers shall not individually or collectively with other providers determine or establish such Reimbursement Amounts.

1.05 "Payor" is an employer, insurance carrier, claims administrator, health care service plan, trust, nonprofit facility service plan, any governmental unit or any other entity which has an obligation to provide Health Care Services or Benefits to a Beneficiary or Claimant.

1.06 "Payor Agreement" is an instrument between a Payor and CCN or its authorized representative which provides for CCN providers, including Provider pursuant to this Agreement, to render Health Care Services or Benefits at Reimbursement Amounts determined and established by CCN and such Payor.

1.07 "Provider" is the provider group composed of members listed in Exhibit B, attached hereto, and incorporated herein.

3

. . . .

## 2. HEALTH CARE SERVICES OR BENEFITS

2.01   Provider hereby agrees to provide Health Care Services or Benefits to Beneficiaries or Claimants as set forth in Beneficiary Agreements, at the Reimbursement Amounts determined and established by CCN through Payer Agreements with Payers, which Payer Agreements are incorporated herein by reference.  Such Reimbursement Amounts are set forth in Exhibit A attached hereto and incorporated herein.

2.02   Provider agrees to accept the Reimbursement Amounts as payment in full for Health Care Services or Benefits rendered or provided,  and not to seek additional payments or compensation from Beneficiaries or Claimants unless required or permitted to do so by the applicable Payer Agreement.  The foregoing restriction shall not apply to deductibles and co-payments which may be collected by Provider in accordance with the provisions of the applicable Insuring Agreement, nor to services or benefits rendered to Beneficiaries or Claimants which are not covered by the applicable Insuring Agreement.

. . . .

## 4. AUTHORIZATION TO CONTRACT

4.01 Provider hereby specifically authorizes CCN to act on its behalf to contract for the provision of Health Care Services or Benefits at Reimbursement Amounts as set forth on Exhibit A.

4.02 Provider further authorizes CON, if applicable under the respective Payor Agreement, to coordinate and transmit billings to Payors for payment, on behalf of Provider.

. . . .

## 6. COVENANTS OF CCN

CCN covenants and agrees to The following:

6.01 To accept sole responsibility for filing reports, obtaining approvals and complying with applicable laws and regulations of state, federal and other regulatory agencies having jurisdiction over CCN, provided however, that Provider agrees to cooperate by providing CCN with any

information and assistance reasonably required in connection therewith;

Even though CCN was a party to the contract with PHO, CCN was not originally a party in this suit. The record, i.e., testimony and documentary, indicates that CCN sought to intervene on more than one occasion. CCN's last attempt to intervene, a written motion to intervene, filed June 19, 2007, the morning of the hearing, was denied. That action by the WCJ led to the filing of appeal 07-1282 which makes up part of this case.

## LAW AND DISCUSSION

The linchpin of this appeal is the determination of whether CCN is an indispensable party to this litigation. Louisiana Code of Civil Procedure Article 641 provides as follows (emphasis ours):

A person *shall* be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) *He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may* either:

(a) *As a practical matter, impair or impede his ability to protect that interest.*

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

It is well settled that the lack of an indispensable party to a proceeding in the trial court is fatal to any adjudication of the dispute. La.Code Civ.P. art. 641; *Frey v. American Quarter Horse Ass'n*, 95-157 (La.App. 5 Cir. 7/25/95), 659 So.2d 849. A party shall be deemed necessary for just adjudication when that party's presence

is absolutely necessary to protect its substantial rights. *Industrial Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So.2d 1207.

The WCJ, in his reasons for judgment, stated: "In accordance with the aforementioned agreements and stipulation, the Court concludes that there is connexity between the defendants in this case and the CCN contract, and Dr. Shamieh." He then went on to rule that "[a]ny contract which purports to reduce medical bills below the Louisiana Workers' Compensation Reimbursement Schedule are invalid and unenforceable, and the same are a violation of Louisiana Workers' Compensation Act, and the reimbursement schedule, and against public policy." The WCJ also stated: "The CCN contract, in and of itself, is not notice sufficient to constitute compliance with Revised Statute 40:2201 or 2203."

Before issuing his ruling, the WCJ denied CCN's petition for intervention. He then went on to rule CCN to be a party to the contracts at issue in this suit and finally ruled adversely to CCN on the contracts. The effect of the judgment issued was to invalidate that portion of CCN's contract that pertained to workers' compensation claims. Considering the foregoing, we find that the presence of CCN was absolutely necessary to protect its substantial rights, that the WCJ's denial of its petition to intervene was clear error, and that the judgment entered was, thus, a nullity.

Accordingly, for the reasons stated, the judgment of the Office of Workers' Compensation judge rendered on June 6, 2007, denying CCN's motion to intervene is reversed; the judgment rendered on July 25, 2007 is annulled and set aside. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are deferred, pending the outcome of the case.

**REVERSED AND REMANDED.**

7