STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-126

AVOYELLES PARISH SCHOOL BOARD

VERSUS

JACOB P. BORDELON, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2008-2493-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

Maxwell J. Bordelon, Jr.
P. O. Box 542
Marksville, LA 71351
(318) 253-4481
Counsel for Defendant/Appellee:
Lake Rouseau, Inc.

Robert Ronald Faucheux Jr.
Law Offices of Robert R. Faucheux
P. O. Box 1960
Laplace, LA 70069
(985) 651-2888
Counsel for Defendants/Appellees:
Robert Ronald Faucheux Jr.
Darlene Bourgeois Faucheux
Crystal LeBlanc Bourgeois

**James Thompson Lee**
**Avoyelles Parish Assistant District Attorney**
**P. O. Box 1021**
**Bunkie, LA 71322**
**(318) 346-6616**
**Counsel for Plaintiff/Appellee:**
**Avoyelles Parish School Board**

**Robert G. Nida**
**Randall Lee Wilmore**
**Christie C. Wood**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**Counsel for Defendants/Appellants:**
**Jacob P. Bordelon**
**Marilyn Bordelon**

**Benjamin Ascher Luke**
**P. O. Box 427**
**Marksville, LA 71351**
**(318) 253-6565**
**Counsel for Defendant/Appellee:**
**Alligator Bayou Properties, LLC**

**EZELL, Judge.**

The Avoyelles Parish School Board filed a petition seeking a right of passage from its Section 16 lands. The trial court located a right of a passage which included lands owned by Marilyn and Jacob Bordelon. The Bordelons have appealed the trial court's judgment asserting several assignments of error. The School Board answered the appeal alleging that the trial court erred in placing hourly restrictions on the use of the right of passage.

## FACTS

On August 22, 2008, the Avoyelles Parish School Board filed a petition for a right of passage for land located in Section 16, Township 1 North, Range 6 East. [1] Named as defendants were the Bordelons, Darlene and Robert Faucheux, Crystal Bourgeois, Brian Bourgeois, and Alligator Bayou Properties. Later, Lake Roseau, Inc. and Horseshoe Lake Land Management, LLC, were added as defendants.

By a consent judgment rendered December 1, 2008, the trial court appointed Michael Moreau as an expert surveyor to advise the court concerning matters of existing roadways, topography, and distances from the School Board property to the nearest public road. Subsequently, the trial court filed notice that it would visit the properties that were the subject of the litigation on February 13, 2009. On August 7, 2009, the trial court issued a judgment stating that the trial set for August 12, 2009, would take place in two phases. The first phase of the trial involved the issue of the location of the right of passage. The second phase concerned the issue of indemnity to the landowner who is determined to be burdened with the right of passage.

Following the trial on the merits of the location of the right of passage, a partial judgment was entered on September 28, 2009, which ordered Mr. Moreau to make an investigation of property owned by the State of Louisiana to determine if there was a

---

[1] Section 16 lands were set aside by the Continental Congress in 1785 and are held in trust for the benefit of public education. *Ebey v. Avoyelles Parish Sch. Bd.*, 03-765 (La.App. 3 Cir. 12/17/03), 861 So.2d 910, *writ denied*, 04-196 (La. 3/26/04), 871 So.2d 349.

roadway on the property currently in use that could provide access to the School Board properties. The State owned the property to the south and east which bordered the School Board property with a wildlife refuge known as Pomme de Terre Wildlife Management area. Mr. Moreau was also ordered to conduct a survey as an extension of his previous survey of the Bordelon/Faucheux route. Mr. Moreau completed the surveys on October 28, 2009, and provided testimony about them on January 22, 2010.

The trial court determined that the School Board was entitled to a right of passage along Horseshoe Lake Road through the Bourgeois, Bordelon, and Faucheux properties. Partial judgment was signed on February 11, 2010. An amended partial judgment was entered on February 24, 2010, as a result of a typographical error to designate the width of the conventional servitude of passage to be thirty feet in width as opposed to twenty feet in width.

On July 15, 2010, the second phase of the trial was held to determine the amount of indemnification to be paid by the School Board to the Bordelons.[2] On October 12, 2010, judgment was signed awarding $11,000 to the Bordelons as indemnification for the right of passage. A final judgment was entered on November 23, 2010.

The Bordelons appeal the judgment to this court asserting several assignments of error. They argue that the trial court erred in failing to order the joinder of all necessary parties; the trial court erred in finding that the Bordelon property should suffer with the right of passage; and the trial court erred in awarding only $11,000 as indemnification. The Bordelons also filed a peremptory exception of non-joinder of parties under La.Code Civ.P. art. 641. The School Board answered the appeal asking that the hourly restrictions placed on the use of the right of passage be removed.

---

[2] Prior to this phase of the trial, the School Board and the Faucheuxs and Bourgeois' entered into a settlement agreement.

2

## JOINDER OF PARTIES

The Bordelons claim that the judgments are absolute nullities due to the failure to join several parties who have interests in the litigation. They claim that the right of passage granted by the trial court encompasses a portion of land owned by their daughter, Vickie Arnouville. The Bordelons also claim that Martco Partnership was a necessary party because it owns the standing timber on the Faucheuxs' property which is directly in the path of the servitude. Finally, the Bordelons argue that the State of Louisiana, Department of Wildlife and Fisheries is a necessary party because it owns the adjoining property to the south of the School Board property with an existing roadway.

Louisiana Code of Civil Procedure Article 641(emphasis supplied) provides for the joinder of parties as follows:

> A person *shall* be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) *He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may* either:
> (a) *As a practical matter, impair or impede his ability to protect that interest.*
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

"It is well settled that the lack of an indispensable party to a proceeding in the trial court is fatal to any adjudication of the dispute." *Shamieh v. Liquid Transp. Corp.*, 07-1282, p. 6 (La.App. 3 Cir. 1/30/08), 975 So.2d 161, 164. "A party shall be deemed necessary for just adjudication when that party's presence is absolutely necessary to protect its substantial rights." *Id.* at 164-65. "[A]n adjudication made without making a person described in Article 641 a party to the litigation is an

3

absolute nullity." *Stephenson v. Nations Credit Fin. Servs. Corp.*, 98-1688, 98-1689, p. 10 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011, 1019.

This court has held that "[t]he owners of property over which a public right of way servitude or a servitude of passage is sought have an interest in the subject matter of the litigation and their absence would impair their ability to protect that interest." *Griffith v. Cathey*, 99-923, p.5 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, 33, *writ denied*, 00-1875 (La.10/6/00), 771 So.2d 85.

The amended judgment signed on February 24, 2010, widened the servitude of passage from twenty feet to thirty feet. The trial court stated that the purpose of the amended judgment was to correct a typographical error in the first judgment. None of the parties has questioned this amendment as a correction of a typographical error. However, with this correction, the right of passage now affects land owned by Ms. Arnouville as shown by the surveys entered into evidence.

In brief the School Board contends that it passed a resolution on May 3, 2011, waiving the need for a thirty-foot right of passage, removing any need to involve Ms. Arnouville. This resolution occurred after the judgment was signed and an appeal was taken.

An appellate court can only consider facts and evidence which were part of the record on appeal. La.Code Civ.P. art. 2164. "Appellate briefs of parties are not part of the record on appeal, and the appellate court cannot consider facts referred to in appellate briefs." *Ledet v. National Car Rental System Inc.*, 96-1270, p. 11 (La.App. 3 Cir. 6/4/97), 694 So.2d 1236, 1242.

Therefore, we find that this resolution cannot be considered by this court. As a property owner affected by the right of passage, Ms. Arnouville is a party who must be joined in this action.

The Bordelons also assert that Martco Partnership should have been made a party to the litigation. Martco has a timber deed that runs to the year 2050 on the Faucheuxs' land which is included in the path of the right of passage.

Standing timber is a separate immovable when it belongs to a person other than the owner of the land. La.Civ.Code art. 464. Therefore, Martco is also an owner of the property over which the right of passage is sought. With its standing timber potentially affected by the location of the right of passage, Martco is also a party that must be joined in this action.

Finally, the Bordelons also claim that the State of Louisiana, Department of Wildlife and Fisheries must also be named as a defendant in this matter. The Department of Wildlife and Fisheries owns the land south of the School Board's Section 16 property which is known as the Pomme de Terre Wildlife Management Area. It is located off of Louisiana Highway 451. Evidence indicated that there is an existing roadway on the property that could provide access to the Section 16 property.

This issue was litigated heavily in the trial court below. Evidence was introduced, surveys were performed, and physical visits to the Department of Wildlife and Fisheries property all occurred at the trial court level. The trial court decided that this was not the most suitable location for the right of passage to the School Board's property. However, the Department of Wildlife and Fisheries is the owner of property that could be potentially burdened with the right of passage. The Article 641 requirements for joinder of a party needed for just adjudication are met.

When the failure to join a party is pleaded successfully in the appellate court, the appellate court can remand the case to permit an amendment of the petition to join the party and for further evidence. La.Code Civ.P. art. 646. We, therefore, maintain the Bordelons' peremptory exception of nonjoinder of parties. There is no need for us to address the other issues raised by the Bordelons since we are remanding this case in

order to join several parties whose property rights could potentially be affected by the location of the right of passage.

The amended judgment of February 24, 2010, and the judgment of February 11, 2010, are reversed. This matter is remanded to permit an amendment of the petitions to join Vickie Arnouville, Martco Partnership, and the State of Louisiana, Department of Wildlife and Fisheries. In accordance with La.R.S. 13:5112, the district court assessed all court costs to the Avoyelles Parish School Board which totaled $4,912.04. Costs of this appeal are also assessed against the Avoyelles Parish School Board in the amount of $2,796.50 for total court costs in the amount of $7,708.54.

**REVERSED AND REMANDED.**