NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-735

ROBERT HOLLIER

VERSUS

LOUIS J. PERRET, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2013 1374
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters and James T. Genovese, Judges.

REVERSED AND REMANDED.

Charles Morris Rush
Rush, Rush & Calogero
202 Magnate Drive
Lafayette, LA 70508
(337) 235-2425
COUNSEL FOR DEFENDANT/APPELLEE:
    Kevin Chamas
    Alison Chamas

**Alan K. Breaud**
**Timothy Wayne Basden**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Robert Hollier**

**Robin J. Magee**
**Matthew C. Hebert**
**Oats & Marino**
**100 E. Vermilion St., Ste 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louis J. Perret, Clerk of Court**

**Ramon John Fonseca, Jr.**
**Tiffany Bourque Ashley**
**Fonseca & Associates, L.L.C.**
**217 Rue Louis XIV, Ste 100**
**Lafayette, LA 70508**
**(337) 456-1163**
**COUNSEL FOR INTERVENOR /APPELLANT:**
     **R. J. Fonseca, Jr.**

**PETERS, J.**

R. J. Fonseca, Jr. appeals a trial court judgment in favor of Robert Hollier ordering the Clerk of Court of Lafayette Parish, Louisiana, to cancel a Notice of Lis Pendens he caused to be filed in the mortgage records of Lafayette Parish, Louisiana, which identified the immovable property at interest in the underlying litigation as property owned by Robert Hollier and his wife, Mary Lou Grossie Hollier. Both Mr. Hollier and Mr. and Mrs. Chamas answered the appeal seeking an award of attorney fees and costs, asserting that Mr. Fonseca's appeal is frivolous. For the following reasons, we reverse the trial court judgment, dismiss R. J. Fonseca, Jr. as a party defendant, and remand the matter to the trial court for further proceedings consistent with this opinion.

## DISCUSSION OF THE RECORD

By a cash deed dated February 25, 2013, Kevin Justo Chamas and Alison Jane Davis Chamas sold Lots Nineteen and Twenty of the Avalon Subdivision (hereinafter referred to as "Lots Nineteen and Twenty") in Lafayette Parish, Louisiana, to Robert Lee Hollier and Mary Lou Grossier Hollier[1] for the sum of $873,500.00. The cash deed was recorded in the Lafayette Parish Clerk of Court's office on February 27, 2013.

This litigation arises because eight days before the cash deed was recorded, Richard McIntosh had filed suit in the Fifteenth Judicial District Court in Lafayette Parish, Louisiana, against Kevin J. Chamas and Alison D. Chamas[2] asking the court to declare a June 28, 2010 purchase agreement involving Lots Nineteen and Twenty, and entered into between him and the defendants, null and void; seeking a

---

[1] The cash deed identifies Kevin Justo Chamas and Alison Jane Davis Chamas as husband wife and residents of Marina Del Ray, California; and identifies Robert Lee Hollier and Mary Lou Grossier Hollier as husband and wife and residents of Lafayette, Louisiana.

[2] This suit was filed as Docket Number 20130925 of the Fifteenth Judicial District Court, and is captioned as *Richard McIntosh v. Kevin J. Chamas and Alison D. Chamas.*

judgment ordering the defendants to return his $125,000.00 security deposit made pursuant to the purchase agreement and extensions thereof; seeking an award of attorney fees; and seeking a judgment reimbursing him for all costs of repairs he had made to the property. R. J. Fonseca, Jr., a Lafayette, Louisiana attorney at law, signed the initial pleading as Mr. McIntosh's counsel of record.

On February 28, 2013, or the day after filing the suit, Mr. Fonseca filed the lis pendens notice which is the subject of this litigation. The notarized notice bears the caption of Mr. McIntosh's February 19, 2013 civil suit and specifically identifies Lots Nineteen and Twenty of Avalon Subdivision as the immovable property subject to the notice. In the notice, Mr. Fonseca states that he is counsel of record for Mr. McIntosh in the February 19, 2013 suit, and that "[t]he action seeks declaratory judgment against **KEVIN J. CHAMAS** and **ALISON D. CHAMAS** to have declared void the Residential Agreement to Buy and Sell dated June 29, 2010 to convey immovable property[.]" The notice further specifically stated that Mr. and Mrs. Chamas were, at that time, "[t]he parties against whom [the] Notice of Lis Penden is to be effective[.]"

After the transfer of the immovable property to Mr. and Mrs. Hollier, their counsel attempted to communicate with Mr. Fonseca seeking to have the lis pendens cancelled. When this effort failed, Mr. Hollier filed the suit that is now before us on March 15, 2013. In his suit, Mr. Hollier sought a writ of mandamus ordering the Lafayette Parish Clerk of Court to cancel the Notice of Lis Pendens as well as an award of attorney fees. He named as defendants Louis J. Perret in his official capacity as Lafayette Parish Clerk of Court, and R. J. Fonseca, Jr., Mr. McIntosh's counsel of record.

On March 22, 2013, R. J. Fonseca, Jr. responded by filing an answer and exceptions in the suit. In his pleading, he asserted the affirmative defense that Mr. Hollier's damages, if any, were caused by his own actions or inactions in that he was aware of the existence of the Notice of Lis Pendens before he purchased the property. Additionally, Mr. Fonseca asserted the peremptory exceptions of no right and cause of action as well as the dilatory exceptions of prematurity and unauthorized use of summary proceedings. The same day Mr. Fonseca filed his response, Kevin and Alison Chamas filed an intervention in Mr. Hollier's suit, seeking the same relief as Mr. Hollier. Mr. Fonseca responded to the intervention by filing an answer and all of the same exceptions filed in response to Mr. Hollier's suit except the exception of no right of action.

Mr. Fonseca's exceptions and the merits of Mr. Hollier's suit and the intervention came to trial on March 28, 2013, and except for an itemized statement relating to the attorney fee award claimed by Mr. Hollier, no evidence was introduced by any party. In arguing their respective positions, all sides simply referred to the various exhibits attached to the pleadings as though they were introduced into evidence.[3] After hearing the arguments of all parties, the trial court orally rendered judgment ordering the Clerk of Court to cancel the recorded Notice of Lis Pendens. Additionally, the trial court ordered that Mr. Fonseca pay all costs of court associated with the action. On April 5, 2013, the trial court filed written reasons for judgment elaborating on its oral reasons and, on the same day, executed a judgment conforming to the reasons. In its written reasons, the trial court noted

---

[3] We recognize the long-standing rule of appellate review as repeated in *Adams v. Allstate Ins. Co.*, 01-1244, p. 6 (La.App. 5 Cir. 2/26/02), 809 So.2d 1169, 1173, that "[e]vidence not properly and officially offered and introduced shall not be considered, even if it is physically placed in the record[,]" but because of the manner in which we dispose of this appeal, we need not reach the issue of sufficiency of the evidence.

that the Lafayette Parish Clerk of Court neither opposed or favored the granting of

the relief sought. As to Mr. Fonesca, the trial court stated:

> Mr. Fonesca asserted exceptions of improper use of summary proceedings and no cause of action, arguing that mandamus is not the appropriate remedy because the plaintiff has an adequate remedy by ordinary proceedings and because cancellation of the notice of lis pendens is a ministerial duty that lies within the clerk of court's discretion.
>
> La.R.S. 44:114 specifically authorizes an action by writ of mandamus against the recorder in his official capacity to cancel from the records any improperly recorded instrument or document. The Court finds that the notice of lis pendens at issue was improperly recorded. "For a notice of Lis Pendens to be proper, it is mandatory that the pending litigation affect the title to or assert a mortgage or privilege on immovable property." *Karst v. Fryar*, 430 So. 2d 318, 320 (La.App. 3rd Cir. 1983). It is clear from the language of the notice that the plaintiffs in the referenced lawsuit are not claiming title to the property, nor are they asserting a mortgage or a privilege on it.
>
> Defense counsel argues that cancellation of the notice of lis pendens must nevertheless await the conclusion of the underlying litigation. However, in the case that he cited for that proposition, *Abadie v. Oubre*, 467 So. 2d 1384 (La. Ct. App. 1985), *writ denied*, 472 So. 2d 30 (La. 1985), the court held:
>
>> The Code further provides that cancellation of a notice of lis pendens must be ordered in a judgment which is rendered against the party who filed the notice. *LSA-C.C.P. art. 3753*. However, an illegal or improper lis pendens is subject to cancellation prior to judgment. *Karst v. Fryar, 430 So. 2d 318 (La.App. 3d Cir.1983[)].*
>
> For the foregoing reasons, the exceptions to the petition for writ of mandamus are overruled, and judgment is rendered in favor of the plaintiff directing Mr. Perret to cancel the notice of lis pendens. Plaintiffs' request for attorney's fees is denied. It is well-settled that attorney's fees are not recoverable in the absence of a statute specifically authorizing them. *Royle v. Cas. Reciprocal Exch.*, 419 So.2d 547 (La.App. 3rd Cir. 1982). La.R.S. 9:4833, which was cited by the plaintiff, is inapplicable. That provision is part of the Private Works Act, which does not apply to these proceedings.

Mr. Fonseca perfected this appeal wherein he asserts as assignments of error

that the trial court erred in ordering the lis pendens to be cancelled; in rejecting his

exceptions of no cause of action, no right of action, improper use of summary proceedings, and prematurity; and in ordering him to pay all costs of court.

## OPINION

The nature of the notice of pendency of an action, or lis pendens, is to give notice to a third party that an action or proceeding is pending in a court "affecting the title to, or asserting a mortgage or privilege on, immovable property[.]" La.Code Civ.P. art. 3751. Louisiana Code of Civil Procedure Article 3752 sets forth the form and recording requirements of the notice, and in the matter before us, it is undisputed that the notice was properly recorded in the mortgage records of Lafayette Parish. Thus, the underlying issue in the litigation relates to the form of the notice. With regard to the form requirements of a notice of lis pendens, La.Code Civ.P. art. 3752(A) provides:

> The notice referred to in Article 3751 shall be in writing, signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, or by a counsel of record for such party showing the name of the persons against whom it is to be effective, the name of the court in which the action or proceeding has been filed, the title, docket number, date of filing, and object thereof, and the description of the property sought to be affected thereby.

The notice filed on behalf of Mr. McIntosh meets all of the requirements of La.Code Civ.P. art. 3752(A) except, as the trial court correctly noted, the "object" filing requirement. As stated in La.Code Civ.P. art. 3751, the pending action or proceeding must affect the title of the immovable property described or must assert a mortgage or privilege against the immovable property. The copy of the notice attached to Mr. Hollier's petition does neither. In fact, it does the opposite in that Mr. McIntosh's claim for relief is not that he no longer has any obligations under the June 28, 2010 purchase agreement, but that the agreement itself was null and void such that he could recover funds he had expended pursuant to its terms.

5

Mr. Fonseca generally acknowledges that Mr. McIntosh's original petition does not purport to affect the title to the immovable property or assert a mortgage or privilege therein, but suggests that if this is error, it is cured by an amendment to the original petition filed March 2, 2013, a copy of which is attached to his response to Mr. Hollier's original petition. In that amendment, Mr. McIntosh adds Mr. and Mrs. Hollier as additional defendants in his original suit against Mr. and Mrs. Chamas, and claims that the new defendants "may be liable" to him for the costs of repairs he made to the immovable property at issue in the amount of $76,000.00. However, this argument ignores the fact that the assertions in the amended petition do nothing to change the stated purpose of the February 20, 2013 notice filed in the mortgage records of Lafayette Parish and do nothing to notify third parties of the purpose of the pending lawsuit as amended, and how it might affect the immovable property.

### *Peremptory Exception of No Right of Action*

In turning to the trial court's rulings on the exceptions, we first find that Mr. Hollier has a right of action in this litigation. The authority for a peremptory exception of no right of action is found in La.Code Civ.P. art. 927(A)(5), and the exception's function is to determine whether the plaintiff belongs to the class of persons to whom the law grants a cause of action asserted in the suit. *Turner v. Busby*, 03-3444 (La. 9/9/04), 883 So.2d 412. As noted by the trial court, La.R.S. 44:114(A)(3) provides that "[a]ny interested person may bring an action against the recorder in his official capacity to . . . [c]ancel from the records any improperly recorded instrument or document." Clearly, as the owner of the immovable property referenced in the Notice of Lis Pendens, Mr. Hollier belongs to the class

6

of persons who may bring this mandamus action. Therefore, we find no error in the trial court's determination that Mr. Hollier has a right of action in this matter.

### *Dilatory Exception of Prematurity*

The trial court also rejected Mr. Fonseca's dilatory exception of prematurity raised pursuant to Code Civ.P. art. 926(A)(1). That exception's function is to raise the issue that a judicial cause of action does not yet exist because of some unmet prerequisite condition. *Blount v. Smith Barney Shearson, Inc.*, 96-207 (La.App. 4 Cir. 2/12/97), 695 So.2d 1001, *writs denied*, 97-952, 97-970 (La. 5/30/97), 694 So.2d 246, 247. "It usually is utilized in cases where the law or a contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action[,]" and "[t]he exceptor has the initial burden of showing that an administrative remedy was available, thus making the judicial action premature." *Id.* at 1003. Put another way, an exception of prematurity raises the issue of whether the plaintiff has fulfilled a prerequisite condition prior to filing his suit such that the question is presented as to whether the plaintiff's cause of action yet exists. *Mosley v. La. Dep't of Public Safety & Corr.*, 07-1501 (La.App. 3 Cir. 4/2/08), 980 So.2d 836.

With regard to Mr. Fonseca's burden on this issue, La.Code Civ.P. art. 930 provides in pertinent part that "[o]n the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." In the matter before us, the grounds for the exception of prematurity do not appear on the face of the petition, and Mr. Fonseca introduced no evidence in support of his exception. As stated in *In re Melancon*, 05-1702, p. 7 (La. 7/10/06), 935 So.2d 661, 666, "[a]rguments and

7

pleadings are not evidence." We find no error in the trial court's rejection of Mr. Fonseca's exception of prematurity.

### Dilatory Exception of Unauthorized Use of Summary Process

We further find no merit in Mr. Fonseca's argument that summary process is not an appropriate procedure to address the cancellation issue. Louisiana Revised Statutes 44:114(B) provides that the action provided for in La.R.S. 44:114(A)(3) "may be instituted by writ of mandamus directed to the recorder in his official capacity[,]" and La.Code Civ.P. art. 2592(6) (emphasis added) provides that "[s]ummary proceedings may be used for trial or disposition of the following matters only: . . . (6) A habeas corpus, *mandamus*, or quo warranto proceeding." Thus, the trial court did not err in rejecting Mr. Fonseca's argument that Mr. Hollier could not seek relief in this matter through summary procedure.

### Peremptory Exception of No Cause of Action

We next turn to the peremptory exception of no cause of action filed against both Mr. Hollier's petition and the intervention. In both cases, Mr. Fonseca couched his argument on this exception as it might relate to the Lafayette Parish Clerk of Court. Specifically, in his response to both Mr. Hollier's petition and the intervention, he asserted the following:

> Defendant pleads the exception of no cause of action. Briefly, *Louisiana Code of Civil Procedure Article 3863*[] provides a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty, so clear and specific that no element of discretion can be exercised in its performance. Such an extraordinary remedy shall not be issued in doubtful cases. *Naquin v. Lafayette Public Utilities Authority*, 07-42, p. 4 (La.App. 3 Cir. 7/5/07), 963 So.2d 1045, 1048.

In brief to the trial court as well as at oral argument, he argued only this position with regard to this exception.

8

The function of the peremptory exception of no cause of action as authorized by La.Code Civ.P. art. 927(A)(5) is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993). "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. As stated in *Industrial Companies, Inc. v. Durbin*, 02-665, pp. 6-7 (La. 1/28/03), 837 So.2d 1207, 1213, "[e]very reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial."

In his petition, Mr. Hollier asserted that the Notice of Lis Pendens at issue "falsely asserted the existence of a lien and claim in favor of R. J. Fonseca, Jr. against the title of certain immovable property owned by Robert Hollier, as described in the Notice of *Lis Pendens*." It further describes the underlying suit giving rise to the Notice of Lis Pendens as one to cancel a buy/sell agreement and not to assert a lien, privilege, mortgage, or other security interest against his property.

Accepting the assertions of Mr. Hollier's petition to be true, and considering only the assertion raised by Mr. Fonseca that the petition does not state a cause of action against the Lafayette Parish Clerk of Court, we find no error in the trial court's determination on this point.

### Other Issues Raised On Our Own Motion

While we have resolved the issues ruled on by the trial court in favor of Mr. Hollier, our inquiry on appeal does not end with those findings. We are left with Mr. Fonseca's argument that he should not have been assessed with costs of court,

9

and the problem we must recognize in addressing this argument lies not in the assertions of the underlying facts, but in the parties called to answer the request for relief.

As previously stated, La.Code Civ.P. art. 3752 (emphasis added) provides that the notice of lis pendens "shall be . . . signed by the plaintiff, defendant, or other party to the action or proceeding who desires to have the notice recorded, *or by a counsel of record for such party*[.]" This Article makes it clear that when a counsel of record signs a notice of lis pendens, he or she is doing so on behalf of the client and not in an individual capacity. In fact, the language of the Notice of Lis Pendens filed in this case makes it clear that Mr. Fonseca was acting on behalf of his client. Mr. McIntosh, the client, was never named as a party in any capacity in this litigation.

With regard to the joinder of parties who are needed for a just adjudication of an issue, La.Code Civ.P. art. 641 (emphasis added) provides:

A person *shall* be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Additionally, "[i]t is well settled that the lack of an indispensable party to a proceeding in the trial court is *fatal* to any adjudication of the dispute." *Shamieh v. Liquid Trans. Corp.*, 07-1282, p. 6 (La.App. 3 Cir. 1/30/08), 975 So.2d 161, 164

10

(emphasis added). *See also Avoyelles Parish Sch. Bd. v. Bordelon*, 11-126 (La.App. 3 Cir. 10/5/11), 77 So.3d 985.

While mandamus relief as provided for in La.Code Civ.P. art. 3863 is "directed to a public officer to compel the performance of a ministerial duty required by law," the party who recorded or caused the recordation of a notice of lis pendens is a necessary party to the action to have it cancelled. *See* La.Code Civ.P. art. 641. Nonjoinder of a party is a peremptory exception which may be raised for the first time on appeal by the appellate court on its own motion. La.Code Civ.P. art. 927. In this case, Mr. McIntosh is the party who caused his attorney to record the notice of lis pendens.

Louisiana Code of Civil Procedure Article 927(B) provides that this court may notice the peremptory exceptions of no cause of action and non joinder of a party on our own motion. Naming Mr. McIntosh's counsel of record as a defendant does not equate to naming Mr. McIntosh personally; nor does it cause the counsel of record to be personally responsible for his client's actions or inactions. That being the case, we must recognize on our own motion that neither Mr. Hollier's petition nor the intervention of Mr. and Mrs. Chamas states a cause of action against Mr. Fonseca. La.Code Civ.P. art. 927(A)(5) and (B).

We further recognize on our on motion the failure on the part of Mr. Hollier to name Mr. McIntosh as a necessary party to this litigation. La.Code Civ.P. art. 927(A)(4) and (B). As pointed out in *Stephenson v. Nations Credit Financial Services Corp.*, 98-1688, 98-1689, p. 10 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011, 1019, "an adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity." We find that the April 5, 2013

judgment to be an absolute nullity, set it aside, and remand the matter to the trial court for further proceedings.

With regard to the court cost issue, we would normally assess all costs to the losing party or parties. In this case, those parties would be Mr. Hollier and Mr. and Mrs. Chamas. However, given the unique background of this litigation and the fact that this court had to raise both the cause of action and the nonjoinder issue on our own motion, we assert our authority under La.Code Civ.P. art. 2164 to "render any judgment which is just, legal, and proper upon the record of appeal" and assess one-third of the court costs, both at trial and on appeal, to Mr. Hollier, one-third to Mr. and Mrs. Chamas, and one-third to Mr. Fonseca.

### *Answers to Appeal*

Mr. Hollier and Mr. and Mrs. Chamas have answered the appeal seeking awards of attorney fees for frivolous appeal. For the reasons previously stated, we decline to recognize the appeal as frivolous.

### DISPOSITION

For the foregoing reasons, we find that neither the petition filed by Robert Hollier nor the intervention filed by Kevin Justo Chamas and Alison Jane Davis Chamas state a cause of action against R. J. Fonseca, Jr., and dismiss him as a party defendant to the litigation. We further find that because neither Robert Hollier nor Kevin Justo Chamas and Alison Jane Davis Chamas joined Richard McIntosh as a necessary party to these proceedings, the trial court judgment is reversed as a nullity. Finally, we decline to find that R.J. Fonseca, Jr.'s appeal is frivolous, and deny the requests for attorney fee awards filed by Robert Hollier and Kevin Justo Chamas and Alison Jane Davis Chamas. We remand the matter to the trial court for further proceedings consistent with this opinion. We assess one-third

of the court costs at both the trial level and on appeal to Robert Hollier; one-third to Kevin Justo Chamas and Alison Jane Davis Chamas; and one-third to R. J. Fonseca, Jr.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.