NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-810

DENISE V. GREENE

VERSUS

KAYLA SCHEXNAYDER, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 90623
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.

VACATED AND REMANDED.

**Anthony Jerome Fontana, Jr.**
**Attorney at Law**
**210 N. Washington St.**
**Abbeville, LA 70510**
**(337) 898-8332**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Denise V. Greene**

**Bradford Hyde Felder**
**Huval, Veazey, Felder, & Renegar, LLC**
**P. O. Box 80948**
**Lafayette, LA 70598-0948**
**(337) 234-5350**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Dustin Fruge**

**Joshua S. Guillory**
**Attorney at Law**
**317 E. University Ave.**
**Lafayette, LA 70503**
**(337) 233-1303**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Kayla Schexnayder**

**SAUNDERS, Judge.**

This is a case wherein a trial court found that the mother and legal father of a child failed to show a material change in circumstances from when a consent judgment was signed by the mother and paternal grandmother on March 21, 2012. As such, the trial court ruled in favor of the paternal grandmother.

We find that the legal father was never properly joined to the proceedings that resulted in that March 21, 2012, consent judgment and that he was an indispensable party to that custody proceeding. Accordingly, the March 21, 2012 consent judgment is absolutely null. As such, the judgment reached by the trial court in this matter is vacated and the case is remanded for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY:**

This case pertains to the custody of a minor child between the biological mother, Kayla Schexnayder, the legal father, Dustin Fruge, and the biological paternal grandmother, Denise Greene. The minor child's biological father is deceased.

Schexnayder and Greene appeared in court on February 15, 2012, to litigate, *inter alia*, custody arrangements for the minor child. Fruge was not personally present during the February 15, 2012 proceeding. At that hearing, a pending adoption proceeding filed by Fruge wherein he was seeking to adopt the pertinent minor child was consolidated by oral motion with the pending matters. Next, a stipulation was entered in which the pending rule and the adoption proceeding were dismissed without prejudice. Thereafter, Schexnayder and Greene stipulated to the custody of the pertinent minor child. This stipulation was reduced to writing on March 21, 2012. It was signed by Schexnayder and Greene, but not by Fruge.

In the interim between the February 15, 2012 oral stipulation and the March 21, 2012 signing of the consent judgment, the attorney that represented Schexnayder and purported to represent Fruge withdrew as counsel of record, and Schexnayder engaged different counsel. That different counsel never enrolled as counsel of record for Fruge.

On February 19, 2015, Schexnayder filed a rule for contempt and to modify judgment of custody. After Fruge joined Schexnayder's filing, they sought to terminate Greene's joint custody of the minor child. On March 17, 2015, the trial court found that Schexnayder and Fruge failed to show material changes necessitating the modification of the consent judgment of March 21, 2012. Schexnayder and Fruge appeal and assert assignments of error which follow:

**ASSIGNMENTS OF ERROR, SCHEXNAYDER:**

1. The trial court erred in requiring that a material change in circumstances occur before modifying the custody judgment in this proceeding as this standard is not the correct standard to apply in custody cases involving a parent versus a non-parent.

2. The trial court erred in awarding joint custody to appellee, Denise V. Green, who is a non-parent in a case that involves two fit parents.

3. All custody judgments in this matter are absolutely null because appellant, Dustin Fruge, is an indispensable party and should have been made a party to the proceeding or, at minimum, afforded adequate due process before any custody judgment was rendered involving the child at issue.

**ASSIGNMENTS OF ERROR, FRUGE:**

1. The trial court erred when it failed to recognize that all of the prior judgments executed in the instant matter were rendered in the absence of an indispensable party and were therefore absolute nullities.

2. The trial court erred when it required [Fruge] and [Schexnayder] to establish a material change in circumstances to modify the March 21, 2012 Consent Judgment.

3.     The trial court erred when it failed to recognize that (1) constant litigation instigated by the grandmother, [Green], (2) physical altercations instigated by [Green] and [Schexnayder], (3) embarrassing confrontations at [the pertinent child's] sporting events instigated by [Green], (4) [Green] speaking negatively about [Schexnayder] in front of [the child], (5) [Green's] failure to administer proper prescribed medication to [the child], (6) [Green's] failure to bring [the child] to his regularly scheduled activities when he is in her care, and (7) [Fruge's] parental rights having never before been recognized constituted a material change in circumstances warranting a change in custody recognizing [Schexnayder] and [Fruge] as joint custodians and limiting [Green's] visitation so as not to unduly interfere with the parental relationship between [the child] and his parents and with [the child's] relationships with his brothers.

4.     The trial court erred when it failed to alter the custodial schedule on the basis that a material change in circumstance had not occurred.

5.     The trial court erred when it put in place a custodial schedule in which a grandparent has two weekends per month and each of the parents have only one weekend per month, a schedule that is constitutionally impermissible under *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) and *State v. Peniston*, 235 La. 579, 105 So.2d 228 (1958).

6.     The trial court erred when it ordered that the parties and the child see a psychologist at least once per month until further orders of the court.

7.     The trial court erred when it ordered [Fruge] to undergo drug testing and a screening for substance use disorder.

## ASSIGNMENT OF ERROR, SCHEXNAYDER NUMBER THREE, FRUGE NUMBER ONE:

Appellants both assign as error that the judgment of the trial court must be vacated and the case remanded because the current judgment of which they appeal is based upon rulings that were absolutely null. According to Schexnayder and Fruge, any rulings prior to September 19, 2014, when Fruge was allowed to intervene in this matter, were absolute nullities because Fruge was an indispensable party to those matters and he was not present or represented in their adjudications. We find merit in their argument.

3

Louisiana Code of Civil Procedure Article 641 provides for the joinder of parties as follows:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

"It is well settled that the lack of an indispensable party to a proceeding in the trial court is fatal to any adjudication of the dispute." *Shamieh v. Liquid Transp. Corp.*, 07-1282, p. 6 (La.App. 3 Cir. 1/30/08), 975 So.2d 161, 164. "A party shall be deemed necessary for just adjudication when that party's presence is absolutely necessary to protect its substantial rights." *Id*. at 164-65. "[A]n adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity." *Avoyelles Parish School Bd. v. Bordelon*, 11-126, pp. 3-4 (La.App. 3 Cir. 11/5/11), 77 So.3d 985, 988, *quoting Stephenson v. Nations Credit Fin. Servs. Corp.*, 98-1688, 98-1689, p. 10 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011, 1019.

"The husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage." La.Civ.Code art. 185. Here, the child was born during Fruge and Schexnayder's marriage. Thus, Fruge is presumed to be the child's legal father.

The legal father's right to have custody of his child "is an interest relating to the subject matter of the action and is so situated that the adjudication of the action

4

in his absence may . . . impair or impede his ability to protect that interest." La.Code Civ.P. art. 641. Thus, under the plain language of La.Code Civ.P. art. 641, a child's legal father is an indispensable party in a proceeding to determine that child's custody.

In the case before us, the trial court gave credence to the March 21, 2012 consent judgment signed by Schexnayder and Greene by finding that Fruge and Schexnayder must show a material change in circumstances in order for that March 21, 2012 consent judgment to be modified. This is in error, as we find the March 21, 2012 consent judgment to be absolutely null.

Greene argues that the March 21, 2012 consent judgment is not an absolute nullity due to Fruge not being a party to the proceedings at that time. She claims that Fruge was joined as a party on February 15, 2012, when his intrafamily adoption action was consolidated with a pending action between she and Schexnayder. This argument lacks merit.

> [C]onsolidation of two or more separate suits involving common issues of law or fact in the same court. . . . is a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; *it does not merge the parties*, affect the running of delays, or authorize consolidation of judgments or appeals.

*Davis v. American Home Products Corp.*, 95-1035, p. 1 (La. 5/19/95), 654 So.2d 681, 681 (emphasis added). As such, it is clear under the law that the consolidation of Fruge's adoption action with the pending action between Schexnayder and Greene did not make Fruge party to that action. Additionally, we note that Fruge's adoption action was dismissed just after it and the action between Schexnayder and Greene were consolidated.

Moreover, our review of the proceedings on February 15, 2012, indicates that Schexnayder's attorney at that time stated that he could represent Fruge, but Fruge was not personally at the proceedings that day and disputes that the

attorney's statement was accurate. Regardless, that particular attorney who contended that he could represent Fruge withdrew as counsel of record for Schexnayder (not Schexnayder and Fruge) prior to the consent judgment being reduced to writing on March 21, 2012. Just prior to March 21, 2012, another counsel of record enrolled on behalf of Schexnayder, but not on behalf of Fruge. Finally, Fruge did not sign the March 21, 2012 consent judgment.

Given the above, we find that the trial court erred in giving effect to an absolutely null consent judgment signed on March 21, 2012, by requiring Fruge to show that a material change in circumstances occurred in order to modify that March 21, 2012 consent judgment. Accordingly, we vacate the March 17, 2015 judgment reached by the trial court and remand this matter for further proceedings consistent with this opinion.

**REMAINING ASSIGNMENTS OF ERROR:**

Our finding above pretermits the questions raised by the remaining assignments of error.

**CONCLUSION:**

Kayla Schexnayder raises three assignments of error while Dustin Fruge raises seven. A common issue raised by both Schexnayder and Fruge is that the March 21, 2012 consent judgment detailing the custody of the pertinent child was absolutely null because Fruge was never joined as a party to the matter prior to September 19, 2014 and he, as the presumed legal father of the child, was an indispensable party.

We find merit to this argument. As such, we vacate the underlying judgment dated March 17, 2015, and remand this matter for further proceedings consistent with opinion. Costs of these proceedings are assessed to Denise Greene.

**VACATED AND REMANDED.**

6

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules–Courts of Appeal, Rule 2–16.3.