STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-637


JAMESTOWN FORESTLAND, L.L.C.

VERSUS

ROBBIE LEE SETLIFF, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,524
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.


JUDGMENT VACATED; REMANDED


Michael H. Davis
Attorney at Law
2017 MacArthur Dr., Bldg 4, #A
Alexandria, LA 71301
(318) 445-3621
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Robbie Lee Setliff
    Lee Ray Setliff
    Susan Stark

**Randall B. Keiser**
**Jeremy C. Cedars**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jamestown Forestland, L.L.C.**

**PERRET, Judge.**

This action was initially filed as an eviction action by plaintiff, Jamestown Forestland, L.L.C. ("Jamestown"), against defendants Robbie Lee Setliff, Lee Ray Setliff, and Susan Stark (collectively "Defendants"). Defendants responded to the eviction action by filing a reconventional demand seeking a judgment of ownership and/or possession of the 3.23 acre property that was the subject of the eviction proceeding. After a hearing, the trial court granted Jamestown's peremptory exception of res judicata. For the following reasons, we vacate the judgment of the trial court and remand this matter to the trial court in order for the owner of the subject property, W.T. Burton Industries, Inc. ("Burton Industries"), to be joined as a necessary party to the litigation.

**FACTS:**

The following facts have been ascertained from the record pleadings and the exhibits to the pleadings. Jamestown is the leasehold tenant of property located in Rapides Parish, Louisiana, described as "[a] 3.23 acre more or less parcel of property lying and being situate in the Northwest Quarter (NW ¼) of Section 29, Township 5 North, Range 5 West . . . ." Jamestown's lease is with Burton Industries, who is the owner of the subject property. On December 7, 2016, Jamestown filed a petition for eviction against Defendants, alleging that they have no ownership or possessory interest in the subject property and that Defendants refuse to vacate the premises despite receiving written notice on November 15, 2016.

On January 31, 2017, Defendants filed an answer and reconventional demand against Jamestown, alleging that they possess, as owner, the 3.23 acre property that was the subject of the eviction proceeding. In addition, Defendants sought ownership and/or possession of an "adjoining thirty (30) acres also in Section 29, Township 5 North, Range 5 West, Louisiana, Meridian, Northwest

Land District, Rapides Parish, Louisiana." Defendants argue that they "had possession as owners of the above described property quietly and without interruption for more than thirty (30) years, immediately prior to the written notice to vacate said premises delivered on November 15, 2016."

On February 10, 2017, Jamestown filed peremptory exceptions of res judicata and non-joinder of a party and dilatory exceptions of improper cumulation of actions, unauthorized use of summary proceeding, and vagueness. In support of its exceptions, Jamestown attached the following exhibits: (1) a January 20, 1977 judgment [Civil Suit No. 91,760] that recognized "Wm. T. Burton Industries, Inc. [Burton Industries] . . . as legal owner of the immovable property" and ordered Defendants' grandfather, Leo George ("Mr. George"), to vacate the property, which is now the subject of the eviction action; (2) a July 13, 1977 judgment that denied Mr. George's motion for a new trial; (3) the trial court's reasons for judgment, dated December 22, 1976; and (4) discovery responses from Mr. George in Suit No. 91,760.

In its memorandum in support of the exceptions, Jamestown argued that Defendants have pled the same cause of action that existed and was asserted by Mr. George in Civil Suit 91,760, and that the 1977 judgment is final and valid. Jamestown argued that the parties in this current action are "simply the successors of the 1977 litigation: Jamestown as a lessee of Burton [Industries] and the Plaintiffs-in-reconvention [Defendants] as direct descendants of Leo George." Thus, Jamestown argued that Defendants' reconventional demand is res judicata and should be dismissed with prejudice. Further, Jamestown argued that if the trial court did not dismiss on grounds of res judicata, its peremptory exception of non-joinder of a party should be granted because Jamestown's lease is with Burton Industries, the owner of the subject property.

In opposition to the exception of res judicata, Defendants argued that the parties are not the same because the 1975 litigation involved only their grandfather, Mr. George. Further, Defendants assert that the cause of action in the first suit was relying on claims of possession predating 1977 and that their current cause of action relies on thirty year possession following 1977. In regard to Jamestown's exception of non-joinder of a party, Defendants submit that the owner of the property, Burton Industries, is not an indispensable party because Jamestown has a ninety-nine year lease on the subject property that terminates in 2065.

After a hearing, the trial court signed a judgment on April 24, 2017, that granted Jamestown's peremptory exception of res judicata, "finding that the parties are in the same capacity, and, the claims regarding bad faith acquisitive prescription are the same as asserted in Civil Suit No. 91,760 (*William Burton Industries, Inc., v. Leo George*)." The trial court pretermitted the peremptory exception of non-joinder and dilatory exceptions of improper cumulation of actions, unauthorized use of summary proceeding and vagueness. Defendants now appeal this final judgment.

Jamestown answered the appeal requesting that the judgment of the trial court granting the exception of res judicata be affirmed at Defendants' cost. Further, Jamestown alleges that if, and only if, this court reverses the judgment of the trial court, that this court address the pretermitted exceptions and issue a judgment on the pretermitted exceptions. While on appeal, Jamestown also filed a motion to dismiss Defendants' appeal and an exception of no right of action arguing that even though it has the right to bring an eviction action, it is not a proper party defendant on the issue of ownership because its lease with Burton Industries does not confer any real rights to the property. However, because we are remanding this matter to the trial court in order for Defendants to amend their

3

reconventional demand to add Burton Industries as a necessary party, we deny both the motion to dismiss the appeal and the exception of no right of action.

**DISCUSSION:**

In their sole assignment of error, Defendants allege that the trial judge erred in granting the exception of res judicata and dismissing their reconventional demand of acquisitive prescription against Jamestown.

The underlying issue herein concerns the ownership of the disputed property. In response to Jamestown's petition for eviction, Defendants' filed a reconventional demand alleging that they "possess as owner" the subject property based on thirty years acquisitive prescription. The record indicates that Burton Industries was recognized as the "legal owner of the immovable property" at issue on January 20, 1977. Because Defendants do not possess an actual title to the property in dispute, in order to prove their claim of ownership, they must establish ownership through acquisitive prescription. Acquisitive prescription is the "acquiring [of] ownership or other real rights by possession for a period of time." La.Civ.Code art. 3446. This "ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith." La.Civ.Code art. 3486. In order to acquire ownership with thirty years of possession, there must be "continuous, uninterrupted, peaceable, public, and unequivocal" corporeal possession for thirty years. La.Civ.Code art. 3476.

After a review of the record and caselaw, we find it was error for the trial court to address Defendants' acquisitive prescription argument, and grant an exception of res judicata on issues concerning the ownership of the immovable property, without the owner of the immovable property, Burton Industries, being a party to the suit. We also note that we are not convinced the 1977 judgment precluded ownership by thirty years acquisitive prescription when the time period

4

arguably began anew after the judgment. Louisiana Code of Civil Procedure Article 641(emphasis supplied) provides for the joinder of parties as follows:

> A person *shall* be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) *He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may* either:
>
> (a) As *a practical matter, impair or impede his ability to protect that interest.*
>
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

"It is well settled that the lack of an indispensable party to a proceeding in the trial court is fatal to any adjudication of the dispute." *Shamieh v. Liquid Transp. Corp.*, 07-1282, p. 6 (La. App. 3 Cir. 1/30/08), 975 So.2d 161, 164 (citations omitted). Further, "[a] party shall be deemed necessary for just adjudication when that party's presence is absolutely necessary to protect its substantial rights." *Id.* at 165 (citation omitted). As stated in *Stephenson v. Nations Credit Fin. Servs. Corp.*, 98-1688, 98-1689, p. 10 (La.App. 1 Cir. 9/24/99), 754 So.2d 1011, 1019, "an adjudication made without making a person described in Article 641 a party to the litigation is an absolute nullity."

The trial judge erred when proceeding with this case when her ruling on the res judicata exception could not bind Burton Industries as the legal owner of the subject property. As such, we vacate the trial court judgment, signed on April 24, 2017, and remand the matter for joinder of the absent party and retrial of the case.

For these reasons, we vacate the trial court's judgment on the exception of

res judicata and remand this matter to the trial court for further consideration after joinder of Burton Industries.

**JUDGMENT VACATED; REMANDED**